**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

JS-6

SWAMI INTERNATIONAL INC.,

    Plaintiff,

v.

KENNEDY MIMS, et al.,

    Defendants.

**Case No. CV 20-00175-ODW(RAO)**

**ORDER REMANDING ACTION AND DENYING REQUEST TO PROCEED IN FORMA PAUPERIS**

## I.

## FACTUAL BACKGROUND

Plaintiff Swami International Inc. ("Plaintiff") filed an unlawful detainer action in Los Angeles County Superior Court against Defendants Kennedy Mims, Taylor Smith, and Saeeda Mims ("Defendants"). Notice of Removal and Attached Complaint ("Compl."), Dkt. No. 1 at 3-8. Defendants are allegedly occupants of real property located in Inglewood, California. Compl. ¶¶ 1-6. Plaintiff is allegedly an agent authorized by the owner of the real property "to enter into contracts [and] file lawsuits in agents name." *Id.* at ¶ 4. Plaintiff filed the unlawful detainer action seeking forfeiture of the rental agreement, monetary damages, and reasonable attorney fees. *Id.* at ¶ 17.

Defendants filed a Notice of Removal on January 7, 2020, invoking the Court's diversity jurisdiction and Rule 11 of the Federal Rules of Civil Procedure. Notice of Removal, Dkt. No. 1 at 2. Each Defendant also filed a request to proceed *in forma pauperis*. Dkt. Nos. 3, 4, 5.

## II.

## DISCUSSION

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and statute. *See, e.g., Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). It is this Court's duty always to examine its own subject matter jurisdiction, *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006), and the Court may remand a case summarily if there is an obvious jurisdictional issue. *Cf. Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction.") (omitting internal citations). A defendant attempting to remove an action from state to federal court bears the burden of proving that jurisdiction exists. *See Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). Further, a "strong presumption" against removal jurisdiction exists. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

Here, the Court's review of the Notice of Removal and attached Complaint makes clear that this Court does not have subject matter jurisdiction over the instant matter.

First, Defendant asserts that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. Notice of Removal at 2. Section 1332 provides that federal "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000," and is between "citizens of different States." 28 U.S.C. § 1332. There is no basis for diversity jurisdiction

because the amount in controversy does not exceed the diversity jurisdiction threshold of $75,000. *See* 28 U.S.C. § 1332(a). The amount in controversy is determined from the complaint itself, unless it appears to a legal certainty that the claim is worth a different amount than that pled in the complaint. *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 354, 81 S.Ct. 1570, 6 L.Ed.2d 890 (1961); *Lowdermilk v. United States Bank Nat'l Assoc.*, 479 F.3d 994, 999 (9th Cir. 2007). Defendants allege that the "damages as a result of an unfair eviction will exceed" the jurisdictional limit. Notice of Removal at 2. In filing the action, Plaintiff alleges that the amount demanded "does not exceed $10,000.00." *See* Compl. at 1. Because the amount of damages that Plaintiff seeks appears to be below the jurisdictional minimum, the Court cannot exercise diversity jurisdiction in this case.

Second, Defendant asserts that this Court has jurisdiction pursuant to Rule 11 of the Federal Rules of Civil Procedure. Notice of Removal at 2. "The central purpose of Rule 11 is to deter baseless filings in district court and, thus, streamline the administration and procedure of the federal courts." *Acosta v. City of Los Angeles*, No. CV 14-5641-R, 2014 WL 12564287, at *1 (C.D. Cal. Nov. 6, 2014). "Rule 11 empowers federal courts to impose sanctions on the signer of a paper if the paper is legally or factually baseless from an objective perspective, and the attorney failed to conduct a reasonable and competent inquiry before filing." *Id.* Rule 11 does not provide the Court with jurisdiction over a claim.

Finally, the Court notes that there is no federal question apparent from the face of the Complaint, which appears to allege only a simple unlawful detainer cause of action. *See Wescom Credit Union v. Dudley*, No. CV 10-8203 GAF (SSx), 2010 WL 4916578, at *2 (C. D. Cal. Nov. 22, 2010) ("An unlawful detainer action does not arise under federal law.") (citation omitted); *IndyMac Federal Bank, F.S.B. v. Ocampo*, No. EDCV 09-2337-PA (DTBx), 2010 WL 234828, at *2 (C.D. Cal. Jan. 13, 2010) (remanding an action to state court for lack of subject matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim).

## III.
## CONCLUSION

Accordingly, IT IS ORDERED that this case is REMANDED to the Superior Court of California, County of Los Angeles, forthwith.

IT IS FURTHER ORDERED that Defendants' requests to proceed *in forma pauperis* and all other pending motions are DENIED as moot.

IT IS SO ORDERED.

DATED: _January 21, 2020

_____
OTIS D. WRIGHT II
UNITED STATES DISTRICT JUDGE